UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

DEVANTE JAMES, a minor under the age of 18 years, by
VALARIE JAMES, mother,

                PLAINTIFF,

-AGAINST-

POLICE OFFICER ATES, DETECTIVE CHRISTOPHER
CARLIN, and SERGEANT MICHAEL LENNIHAN,
individually, and in their capacity as members of the New
York City Police Department,

                DEFENDANTS.

------------------------------------------------------------------- x

**AMENDED COMPLAINT**
**ECF CASE**
12 CV. 0759 (CBA)(VVP)

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff, Ms. Valarie James ("Ms. James"), on behalf of Devante James ("Devante"), seeks relief for the violation of Devante's rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claim arises from an incident that occurred on or about October 13, 2011, in which officers of the New York City Police Department acting under color of state law, intentionally and willfully subjected Devante to *inter alia*, false arrest and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff Ms. James is the mother of Devante.

7. Ms. James and Devante are both United States citizens and at all times here relevant resided at 1055 Myrtle Avenue, Apartment 2D, Brooklyn, NY 11206.

8. Police Officer Ates, shield number 3360, ("PO Ates"), Detective Christopher Carlin, tax identification number 920093, ("Det. Carlin"), and Sergeant Michael Lennihan, tax identification number 920093, ("Sgt. Lennihan"), at all times here relevant were members of the New York City Police Department, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Devante is 15 years old.

3

11. On or about October 13, 2011, Devante was visiting his sister, Shaifa Weaver ("Shaifa") and her fiancé, Romeo Brown ("Romeo") at their home at 185 Wortman Avenue, East New York, Brooklyn, New York.

12. At approximately 8:40 pm, Shaifa and Romeo walked Devante to his bus stop, from where Devante was going to catch a bus home.

13. When they got to the point that they could see the bus stop, Devante said goodbye to Shaifa and Romeo and crossed the road to get the bus.

14. When Devante got to the other side of the road an unmarked police car with tinted windows pulled up beside him.

15. None of the people in the car identified themselves to Devante as police officers and none were wearing police uniforms.

16. Upon information and belief Det. Carlin shouted to Devante to come over to the car.

17. Devante was wary of the strangers in the unmarked car so ignored them and continued to walk towards the bus stop.

18. Upon information and belief PO Ates and Det. Carlin then jumped out of the car and started to run at Devante.

19. Upon information and belief at no point did PO Ates or Det. Carlin identify themselves as police officers.

20. Devante was extremely scared and ran back across the road towards Shaifa and Romeo.

21. Upon information and belief PO Ates and Det. Carlin chased Devante and tackled him into a store front.

4

22. Devante suffered cuts, scrapes and bruising to his arms, legs and torso as a result of being tackled.

23. Upon information and belief as PO Ates and Det. Carlin tackled Devante they knocked over a female bystander.

24. Upon information and belief PO Ates and Det. Carlin then threw Devante facedown onto the ground and sat on top of Devante.

25. Upon information and belief Shatifa shouted at PO Ates and Det. Carlin to let Devante go.

26. Upon information and belief PO Ates and Det. Carlin told Shatifa that they were police officers and to mind her own business.

27. Upon information and belief Shatifa told PO Ates and Det. Carlin that Devante was her brother and had been visiting her, and that he hadn't done anything wrong.

28. Upon information and belief PO Ates and Det. Carlin ignored Shatifa.

29. Upon information and belief PO Ates and Det. Carlin handcuffed Devante behind his back and led him to their unmarked police car.

30. PO Ates, Det. Carlin and Sgt. Lennihan took Devante to the 75th Precinct.

31. At the precinct Devante was handcuffed to a pole in a holding room.

32. Ms. James arrived at the precinct and asked to see Devante.

33. Upon information and belief Det. Carlin was abusive towards Ms. James and threatened to send Devante to Stafford Correctional Facility in the Bronx.

34. PO Ates then told Ms. James that if Devante hadn't run away from them and had shown them identification then they wouldn't have arrested him for resisting arrest and disorderly conduct.

35. Ms. James pointed out to PO Ates that Devante only ran away from them because they didn't identify themselves as police officers.

36. PO Ates then gave Ms. James a different version of events.

37. PO Ates told Ms. James that Devante had been with another boy who had run away, and that Devante looked like a boy who the police had a bench warrant for.

38. At no point during the incident was Devante accompanied by anyone other than Shatifa and Romeo.

39. Upon information and belief, Devante did not bear any resemblance to the person referred to by PO Ates.

40. At approximately 12:00 am on October 14, 2011, Devante was released from the precinct.

41. Devante had to attend Kings County Family Court on October 17, 2011 and again on November 16, 2011.

42. The New York City Law Department Family Court Division declined to file a petition against Devante.

43. Devante continues to feel traumatized by the events of October 13, 2011, and is wary and fearful when he sees NYPD officers. Devante takes efforts to avoid police officers when in public.

44. As a result of the incident, Devante suffered cuts, scrapes and bruising all over his arms, legs and torso.

45. Devante feels fear, anxiety, emotional distress, frustration, embarrassment, humiliation and loss of liberty as a result of the incident.

5

**FIRST CAUSE OF ACTION**

(42 USC 1983 – False Arrest)

46. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

47. Defendants have deprived Devante of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

48. Defendants have deprived Devante of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Devante was falsely arrested by defendants.

49. Defendants unreasonably and unjustifiably confined Devante.

50. Devante was aware of, and did not consent to, his confinement.

51. The confinement was not privileged.

52. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed $250,000.00.

**SECOND CAUSE OF ACTION**

(42 USC 1983 – Excessive Force)

53. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

54. Defendants have deprived Devante of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

55. Defendants have deprived Devante of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States

Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of Devante.

56. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed $250,000.00.

## JURY DEMAND

57. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding $250,000.00, for each of plaintiff's causes of action;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         August 14, 2012

By: _____
    Justin Delle Cave (JD)(0896)
    PetersonDelleCave LLP
    Attorney for Plaintiff
    233 Broadway, Suite 1800
    New York, NY 10279
    (212) 240-9075

7